UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY A. PUGH, | |
| Plaintiff, | No. 11 CV 7688 |
| v. | Judge James B. Zagel |
| ILLINOIS EDUCATION LABOR RELATIONS BOARD, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion to dismiss. On October 28, 2011, Plaintiff filed this suit ("*Pugh* II") under 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants Illinois Education Labor Relations Board (the "IELRB"), Victor E. Blackwell, Helen Higgins, Thomas Allen, and Katherine Levine (collectively, the "individual defendants"). The complaint states: "[f]rom 2008 to 2010 the Il. Education Labor Relation Board has violated my civil rights. I have never received a fair hearing. Fraud upon the court by the officers of the court. IELRB has engage [sic] in concealing criminal and fraudulent acts. CPS utilize [sic] unfair labor practices pertaining to special education grant fraud (IDEA). Unauthorize [sic] practice of law was allowed by the IELRB." It further states: "The [IELRB] failed to uphold complaints. Chicago Teacher Union failed to protect rights which allowed Chicago Board of Education to continue unfair labor practices."

On November 5, 2010, Plaintiff filed a very similar complaint against Defendants IELRB, Higgins, Blackwell, and Levin ("*Pugh I*"). That complaint was dismissed with prejudice on November 9, 2010. On May 30, 2013, I ordered Plaintiff to submit in writing to the court an explanation of why *Pugh I* did not have res judicata effect on the claims in *Pugh II*. Plaintiff's

July 8, 2013 statement in response [Dkt. Entry 28] is unsatisfactory. The fact that Plaintiff has added Thomas Allen as a defendant and filed different claims in *Pugh II* does not save it from the res judicata effect of *Pugh I*. Plaintiff needs to demonstrate that the claims in *Pugh II* arise from a different underlying factual transaction or occurrence than the claims in *Pugh I*—meaning her claims in *Pugh II* arise from a different core of operative facts than the claims in *Pugh I*. *See Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986).[1] I am going to give her one more chance to submit to this Court in writing a statement to show why her claims are not barred by res judicata.

Additionally, Plaintiff needs to file an amended complaint that contains enough factual detail to allow this Court to plausibly infer that her claims against the individual defendants are viable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In other words, Plaintiff needs to tell me specifically how each individual defendant violated, or conspired to violate, her constitutional rights. General allegations, such as "Defendant X concealed criminal or fraudulent acts" will not suffice—I need some details. Plaintiff should read *Ashcroft* to gain an understanding of the level of factual detail required to satisfy Rule 8, FEDERAL RULES OF CIVIL PROCEDURE.

All claims against Defendant IELRB are dismissed with prejudice. The IELRB is an arm of the State of Illinois; the 11th Amendment bars Plaintiff from bringing a private suit against it in federal court. *Hans v. Louisiana*, 134 U.S. 1 (1890).

To conclude, Plaintiff is to file an amended complaint against the individual defendants that complies with Rule 8. In addition, she is to submit a statement that explains why her current claims are not barred by res judicata. If Plaintiff needs assistance with this, she should contact

---

[1] To the extent that Plaintiff argues res judicata should not apply because she did not receive a full and fair opportunity to litigate her claims in *Pugh I*, I reject this argument. Plaintiff essentially abandoned her claims in *Pugh I* by failing to file a Rule 60(b) motion or to appeal the Court's November 11, 2010 order. *See Lim v. Central DuPage Hosp.*, 972 F.2d 758, 763-64 (7th Cir. 1992).

the *pro se* assistance program at (312) 435-5691. The amended complaint and res judicata statement must be filed by August 30.

                                         ENTER:

                                         James B. Zagel
                                         United States District Judge

DATE: July 24, 2013